IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2007 SEP 25 PM 3: 24
TX EASTERN-MARSHALL
BY_____

| | |
|---|---|
| ORION IP, LLC<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC<br><br>Defendant. | Civil Action No. 6-07CV-451 LED<br><br><br><br>JURY |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Orion IP, LLC makes the following allegations against the Defendant, MERCEDES-BENZ USA, LLC, as follows:

### PARTIES

1. Plaintiff Orion IP, LLC ("Orion") is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2. On information and belief, Defendant, MERCEDES-BENZ USA, LLC ("MERCEDES" or "Defendant"), is a Delaware corporation with its principal place of business at One Mercedes Drive, Montvale, New Jersey 07645. This Defendant may be served via its registered agent as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4       Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,615,342

6       Orion is the owner by assignment of United States Patent No. 5,615,342 ("the '342 Patent") entitled "Electronic Proposal Preparation System." The '342 Patent issued on March 25, 1997. A true and correct copy of the '342 Patent is attached as Exhibit A.

7.      The '342 Patent was the subject of previous *Markman* rulings issued by the United States District Court for the Eastern District of Texas. *See, e.g.*, Exhibits B & C.

8       Jerome D. Johnson is listed as the inventor on the '342 Patent.

9.      Upon information and belief, Defendant MERCEDES previously licensed the '342 patent but is no longer a licensee. Upon information and belief, since losing its status as licensee, this Defendant has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.mbusa.com), making

and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. MERCEDES is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

10. On information and belief, Defendant has actively induced and is actively inducing infringement of the '342 Patent and is liable for contributory infringement of the '342 Patent

11. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '342 Patent complied with such requirements.

12. On information and belief, since losing its status as licensee, Defendant has willfully infringed and continues to willfully infringe the '342 Patent.

13. As a result of this Defendant's infringement of the '342 Patent, Orion has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

14. Unless a permanent injunction is issued enjoining this Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '342 Patent, Orion will be greatly and irreparably harmed

### COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 5,367,627

15. Orion is the owner by assignment of United States Patent No. 5,367,627 ("the '627 Patent") entitled "Computer-Assisted Parts Sales Method." The '627 Patent issued on November 22, 1994. A true and correct copy of the '627 Patent is attached as Exhibit D.

16. The '627 Patent was the subject of previous *Markman* rulings issued by the United States District Court for the Eastern District of Texas. *See, e.g.*, Exhibits B & C.

17. Jerome D. Johnson is listed as the inventor on the '627 Patent.

18. Upon information and belief, Defendant MERCEDES previously licensed the '627 patent but is no longer a licensee. Upon information and belief, since losing its status as licensee, this Defendant has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.mbusa.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. MERCEDES is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

19. On information and belief, Defendant has actively induced and is actively inducing infringement of the '627 Patent and is liable for contributory infringement of the '627 Patent.

20. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '627 Patent complied with such requirements.

21. On information and belief, since losing its status as licensee, Defendant has willfully infringed and continues to willfully infringe the '627 Patent.

22. As a result of this Defendant's infringement of the '627 Patent, Orion has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

Unless a permanent injunction is issued enjoining this Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '627 Patent, Orion will be greatly and irreparably harmed.

### PRAYER FOR RELIEF

WHEREFORE, Orion respectfully requests that this Court enter:

1. A judgment in favor of Orion that Defendant has infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '342 Patent, and that such infringement was willful;

2. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '342 Patent;

3. A judgment and order requiring Defendant to pay Orion its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '342 Patent as provided under 35 U.S.C. § 284;

4. A judgment in favor of Orion that Defendant has infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '627 Patent, and that such infringement was willful;

5. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '627 Patent;

6. A judgment and order requiring Defendant to pay Orion its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '627 Patent as provided under 35 U.S.C. § 284;

7. An award to Orion for enhanced damages as provided under 35 U.S.C. § 284;

8. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Orion its reasonable attorneys' fees; and

9. Any and all other relief to which Orion may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: September 25, 2007

Respectfully submitted,

**ORION IP, LLC**

By: /s/ *David M. Pridham*
Danny L. Williams
LEAD ATTORNEY
Texas Bar No. 21518050
Terry D. Morgan
Texas Bar No. 14452430
J. Mike Amerson
Texas Bar No. 01150025
Williams, Morgan & Amerson, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-4060
Facsimile: (713) 934-7011
E-mail: danny@wmalaw.com
E-mail: tmorgan@wmalaw.com
E-mail: mike@wmalaw.com

David M. Pridham
Intellectual Property Navigation Group, LLC
Rhode Island Bar No. 6625
207 C North Washington Avenue
Marshall, Texas 75670
Telephone: (903) 938-7400
Facsimile: (903) 938-7404
E-mail: david@ipnav.com

Eric M. Albritton
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
Email: ema@emafirm.com

T. John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
P.O Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
E-mail: jw@jwfirm.com

ATTORNEYS FOR PLAINTIFF
ORION IP, LLC