IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ORION IP, LLC | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 6:07-cv-451 (LED) |
| | ) |
| MERCEDES-BENZ USA, LLC | ) |
| | ) |
|     Defendant | ) |

**ANSWER AND COUNTERCLAIMS TO ORION IP, LLC'S
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Mercedes-Benz USA, LLC ("MBUSA") answers the Plaintiffs Amended Complaint and incorporates MBUSA's Counterclaim previously filed as follows:

**PARTIES**

1.    MBUSA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1, and therefore deny all such averments.

2.    MBUSA is a limited liability company and on that basis denies that it is a Delaware corporation. MBUSA admits that its principal place of business and registered agent are as averred in paragraph 2.

**JURISDICTION AND VENUE**

3.    MBUSA admits that Plaintiff contends to have brought a patent infringement action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et. seq*. MBUSA admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    MBUSA denies the averments in paragraph 4.

5.      MBUSA denies the averments in paragraph 5.

## COUNT I: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,615,342

6.      MBUSA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6, and therefore denies all such averments.

7.      MBUSA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7, and therefore denies all such averments.

8.      MBUSA admits the averments in paragraph 8.

9.      MBUSA denies the averment in paragraph 9 that it is not currently licensed to practice the '342 patent. *See* Counterclaim Count III, *infra*. MBUSA admits that following the Cerberus transaction that closed on August 3, 2007, MBUSA was not directly or indirectly controlling, controlled by or under common control with Chrysler LLC. The parties are in agreement that prior to August 3, 2007, MBUSA was directly or indirectly controlling, controlled by or under common control with DaimlerChrysler Corporation. (Dkt. No. 15-7, ¶ 5.) MBUSA further denies that it infringes the '342 patent by methods practiced on www.mbusa.com. Except as specifically admitted herein, this paragraph is denied.

10.     MBUSA denies the averments in paragraph 10.

11.     MBUSA denies the averments in paragraph 11

12.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12, and therefore denies all such averments.

13.     MBUSA denies the averments in paragraph 13.

14.     MBUSA denies the averments in paragraph 14.

15.     MBUSA denies the averments in paragraph 15.

## **COUNT II: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,367,627**

16. MBUSA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16, and therefore denies all such averments.

17. MBUSA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17, and therefore denies all such averments.

18. MBUSA admits the averments in paragraph 18.

19. MBUSA denies the averment in paragraph 19 that it is not currently licensed to practice the '627 patent. *See* Counterclaim Count III, *infra*. MBUSA admits that following the Cerberus transaction that closed on August 3, 2007, MBUSA was not directly or indirectly controlling, controlled by or under common control with Chrysler LLC. The parties are in agreement that prior to August 3, 2007, MBUSA was directly or indirectly controlling, controlled by or under common control with DaimlerChrysler Corporation. (Dkt. No. 15-7, ¶ 5.) MBUSA further denies that it infringes the '627 patent by methods practiced on www.mbusa.com. Except as specifically admitted herein, this paragraph is denied.

20. MBUSA denies the averments in paragraph 20.

21. MBUSA denies the averments in paragraph 21.

22. MBUSA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22, and therefore denies all such averments.

23. MBUSA denies the averments in paragraph 23.

24. MBUSA denies the averments in paragraph 24.

## PLAINTIFF'S PRAYER FOR RELIEF

MBUSA denies that Plaintiff is entitled to any of the grounds for relief enumerated in Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

25. Plaintiff fails to state a claim upon which relief may be granted.

### Second Defense

26. MBUSA does not infringe either of the '342 or '627 patents (collectively, "Asserted Patents"). MBUSA does not literally or equivalently infringe, induce or contribute to infringement of the Asserted Patents.

### Third Defense

27. The applicable practices and procedures utilized by www.mbusa.com practice prior art and therefore cannot be found to infringe the Asserted Patents.

### Fourth Defense

28. Plaintiff is estopped, by virtue of the prior art or the prosecution of the Asserted Patents, from asserting infringement against MBUSA.

### Fifth Defense

29. Each applicable claim of the Asserted Patents is invalid under one or more provisions of 35 U.S.C. §§ 102, 103, 112, and/or 132.

### Sixth Defense

30. Plaintiff is equitably estopped from enforcing, has waived enforcement of, and/or is barred by the doctrine of laches in the enforcement of the Asserted Patents against MBUSA.

**Seventh Defense**

31. Plaintiff and its predecessors unreasonably delayed in asserting their rights in the Asserted Patents and have acquiesced to any use of the patented methods by MBUSA. Plaintiff's acquiescence and delay therefore equitably bars and estops any enforcement of the Asserted Patents.

**Eighth Defense**

32. MBUSA has a license for the activities Plaintiff asserts as covered by the Asserted Patents.

**Ninth Defense**

33. The Plaintiff granted MBUSA a release of claims with respect to the activities Plaintiff asserts is covered by the Asserted Patents.

**COUNTERCLAIM FOR DECLARATION OF INVALIDITY, NONINFRINGEMENT, AND BREACH OF CONTRACT**

As its counterclaim, MBUSA realleges and incorporates by reference the allegations made above in paragraphs 1 through 33 in this Counterclaim as well as its previous Answer and Counterclaim and though reproduced here in their entirety, namely the exhibits to Dkt. No. 11.

**DEMAND FOR A JURY TRIAL**

MBUSA demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), as to all issues that may be tried by jury.

**PRAYER FOR RELIEF**

WHEREFORE, MBUSA prays for relief as follows:

5

(i)   That the Plaintiff recover nothing and that its Complaint be dismissed with prejudice;

(ii)  That the Court denies any injunctive relief in favor of the Plaintiff and against MBUSA;

(iii) That the Court declares that MBUSA has not and does not directly infringe, induce infringement or contribute to infringement of any valid claim of the Asserted Patents;

(iv)  That the Court declares and order that the claims of the Asserted Patents are invalid;

(v)   That the Court dismisses the Plaintiff's claims as barred by laches, waiver, estoppel, release, unclean hands, and/or misuse;

(vi)  That the Court finds a breach of contract was committed because the Settlement Agreement released any claims against the DCC Related Companies websites and systems, and award MBUSA damages, in addition to punitive damages, as well as attorneys' fees and costs;

(vii) That the Court declares and orders that MBUSA is licensed to practice the Asserted Patents and that MBUSA is released from Plaintiff's claims of infringement;

(viii) That the Court finds this case to be an exceptional case pursuant to Section 285 of the Patent Act and award MBUSA its reasonable attorneys' fees in this action;

(ix)  That all costs be taxed against the Plaintiff; and

6

    (x)    MBUSA be granted such other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of November, 2007.

| OF COUNSEL: | /s/ Allen F. Gardner |
|---|---|
| | Michael E. Jones |
| | Texas State Bar No 10929400 |
| Mitchell G. Stockwell | mikejones@potterminton.com |
| mstockwell@kilpatrickstockton.com | Allen F. Gardner |
| KILPATRICK STOCKTON LLP | Texas State Bar No. 24043679 |
| 1100 Peachtree Street, N.E. | allengardner@potterminton.com |
| Suite 2800 | POTTER MINTON |
| Atlanta, Georgia  30309 | 110 N. College, Suite 500 (75702) |
| (404) 815-6500 telephone | P.O. Box. 359 |
| (404) 815-6555 facsimile | Tyler, Texas 75710 |
| | (903) 597-8311 |
| | (903) 593-0846 (Facsimile) |

ATTORNEYS FOR DEFENDANT
MERCEDES-BENZ USA, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 28, 2007.  Any other counsel of record will be served by First Class U.S. mail on this same date.

    */s/ Allen F. Gardner*